**LESTER SCHWAB KATZ & DWYER, LLP**
100 WALL STREET
NEW YORK, N.Y. 10005-3701
(212) 964-6611
FAX: (212) 267-5916

RICHARD GRANOFSKY
Writer's Direct Dial: (212) 341-4320
E-Mail: rgranofsky@lskdnylaw.com

**NEW JERSEY OFFICE**
61 S. Paramus Road
Suite 250
PARAMUS, NJ 07652
(973) 912-9501

November 9, 2020

By ECF and e-mail to non-party

U.S. Magistrate Judge Barbara Moses
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: **Champion Foods, Inc v. Eaton & Van Winkle, LLP, 20-CV-2991 (VM) (BCM)**
      **Attorney-client privilege issue**

Dear Judge Moses:

   This firm represents defendants Eaton & Van Winkle, LLP and Robert Katz in the above-referenced proceeding.

   Plaintiff alleges in the complaint that escrow funds were dispersed without proper authorization. Defendants deny this allegation.

   Defendant Robert Katz is an attorney who was retained by A&J Global Corporation ("A&J") to perform legal and escrow services. The retainer provided that Mr. Katz was to be paid solely out of the proceeds of the subject business transaction (which unfortunately never came to fruition).

   During the initial case management conference the court held with the parties on September 23, 2020, the court and the parties addressed the issue of whether attorney-client privilege may impact discovery responses. Plaintiff's counsel indicated that he intended to serve discovery demands for communications between A&J Global Corporation and Mr. Katz. Since the time of the conference, plaintiff's counsel has served such a demand (a copy of which is annexed as Exhibit "A"). Responses to document demands are due on November 13, 2020 pursuant to the initial case management order.

   Your Honor advised that defendants should first contact A&J and request a waiver of any privilege. You also noted that communications between an attorney and client relating to the

LESTER SCHWAB KATZ & DWYER, LLP

Hon. Barbara C. Moses
November 9, 2020
Page 2

attorney's work as an escrow agent, as opposed to seeking or providing legal advice, would not be covered by the attorney-client privilege.

Mr. Katz has requested that A&J Global waive any claim of privilege. A&J has stated that it does not agree to disclose any emails or communications.

I also sent a communication to A&J and requested that A&J waive any privilege claim. I provided therein the private communications between A&J and Mr. Katz which are the subject of this application, along with the documents that are attached to those communications. No other persons were copied on those communications. I have not received a response from A&J.

As Your Honor noted, communications with an attorney that relate to the attorney's work as an escrow agent or business agent, rather than request or provide legal advice, are not subject to the attorney-client privilege. See *United States v. Huberts*, 637 F.2d 630, 640 (9th Cir. 1980); *Copalcor Mfg. (pty) Ltd. v Meteor Indus. Inc*., 87 CV 1612 (ERK), 1988 WL 52194, at *1-2 (E.D.N.Y., May 16, 1988); *Greenwood Tr. Co. ex rel. Novus Services, Inc. v Andrew F. Capoccia Law Ctr., LLC*, 184 Misc.2d 143 (Sup Ct, Erie County, 2000); *Art Board, Inc. v. Worldwide Business Exchange Corporation*, 134 Misc.2d 350 (Civ. Ct, N.Y. County, 1986); *Randy International Ltd. v. Automatic Compactor Corp.*, 97 Misc.2d 977 (Civ. Ct, Queens County, 1979); *Circle Floor Co., Inc. v. Siltan Corp*., 36 Misc.2d 634 (Sup. Ct, Queens County, 1962).

We have reviewed the documents responsive to the requests in plaintiff's demand for documents. In my opinion the documents with few exceptions do not request or provide legal advice and would not be subject to the attorney-client privilege. Mr. Katz' role as a trustee in the transaction included the drafting and exchange of documents and information necessary to effectuate the transaction. I am also concerned that non-disclosure would adversely impact the adjudication of this case on the merits.

However, in light of A&J's objections to production of the documents, and the important protections the law affords attorney-client communications, I believe A&J should have the opportunity to be heard before the documents are produced. I respectfully request that the court conduct an in camera inspection and afford A&J an opportunity to present its objections.

Several documents are marked confidential, and I suggest that the parties agree to enter into a confidentiality agreement prior to their production under Rule 33 of the Federal Rules of Civil Procedure.

I have copied A&J on this communication.

LESTER SCHWAB KATZ & DWYER, LLP

Hon. Barbara C. Moses
November 9, 2020
Page 3

                              Respectfully submitted,

                              *Richard Granofsky*

                              RICHARD GRANOFSKY

RG: 4850-1123-4513

cc:

Law Offices of Barry M. Bordetsky
Attorney for plaintiff
By ECF

A&J Global Corporation
By email to petroroubaservices@gmail.com